## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**RUSSELL OLIVEIRA and VERONICA OLIVEIRA,**

    **Plaintiffs,**

v.                                              Case No.  8:14-cv-1264-T-30AEP

**CRACKER BARREL OLD COUNTRY STORE, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the parties' Motions in Limine (Dkts. 21, 24) and Plaintiffs' Motion to Dismiss Loss of Cosortium Claim (Dkt. 42).  On November 20, 2015, the Court held a hearing on these matters and heard argument from counsel.  For the reasons stated on the record, the Motions in Limine are denied in part and granted in part. Moreover, Plaintiffs' Motion to Dismiss Loss of Consortium Claim is denied without prejudice.  The Court discusses these rulings in more detail as follows.

## DISCUSSION

### I.    Defendant's Motion in Limine (Dkt. 21)

<u>Issue I: Motion to Preclude Testimony Regarding Reasonableness of Medical Bills</u>

As stated on the record, Defendant has withdrawn this issue.

<u>Issue II: Motion to Limit Damages to Amounts Disclosed in Rule 26 Disclosures</u>

This request is denied.

Issue III: Motion to Preclude Dr. MacLaren from Testifying about Causation

This request is denied. However, the Court will be listening closely to Dr. MacLaren's testimony; he needs to state the basis for his causation testimony—if he has no basis, his testimony will not be permitted on this issue.

Issue IV: Motion to Preclude Dr. MacLaren from Mentioning the Names of Other Patients he treats other than Plaintiff

This request is granted per the parties' agreement.

Issue V: Resources, Economic Status, and Financial Status

This request is granted per the parties' agreement.

Issue VI: Duplicative Testimony

This request is granted per the parties' agreement.

**II.    Plaintiffs' Motion in Limine (Dkt. 24)**

Issue I: Testimony by Defendant's Billing Expert

This request is denied. However, as the Court explained on the record, Bonaparte cannot testify on issues related to medical testimony or whether a particular bill is reasonable.

Issue II: Any Mention As to When Plaintiff Contacted or Hired an Attorney

This request is denied. However, as the Court explained on the record, Defendant may only reference that Plaintiff had a lawyer before he saw the doctors—anything beyond this scope must be brought to the Court's attention first.

Issue III: That Any of the Treating Physicians Committed Medical Malpractice, etc.

This request is granted per the parties' agreement.

Issue IV: Testimony about the Inappropriateness of Surgery or Treatment

This request is granted per the parties' agreement.

Issue V: Experts Changing Opinions or Testifying on Issues not in Their Reports

This request is granted to the extent that the experts in this case cannot testify on issues that are not discussed in their reports or in their discovery depositions.

Issue VI: Testimony Regarding the Restraining Order against Plaintiff

This request is denied as long as Plaintiffs maintain a loss of consortium claim in this case. If Plaintiffs ultimately dismiss this claim with prejudice, the Court will grant this request and any evidence about the restraining order or affidavit will not be permitted.

Issue VII: Any Reference that Plaintiffs' counsel referred Plaintiff to any Doctor

This request is granted per the parties' agreement.

Issue VIII: Admitting Expert Reports

This request is granted. Expert reports are cumulative; however, charts or other demonstrative aids are permitted.

**III.   Plaintiffs' Motion to Dismiss Loss of Consortium Claim (Dkt. 42)**

As the Court explained on the record, Plaintiffs may not attach conditions to the dismissal of the loss of consortium claim. This claim will either be dismissed with prejudice at Plaintiffs' request, or it will proceed to trial. As such, the motion is denied without prejudice to Plaintiffs to refile their motion prior to trial.

It is therefore ORDERED AND ADJUDGED that:

1. The parties' Motions in Limine (Dkts. 21, 24) are denied in part and granted in part.

2. Plaintiffs' Motion to Dismiss Loss of Cosortium Claim (Dkt. 42) is denied without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on November 20, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1264.motions-in-limine.frm